# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| YVONNE ALEXANDER,<br>Petitioner, | Case No. 1:18-cv-153 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| WARDEN, OHIO REFORMATORY<br>FOR WOMEN,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Ohio Reformatory for Women, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 7). This matter is before the Court on the petition, respondent's motion to dismiss (Doc. 11), and petitioner's response in opposition. (Doc. 15).

## I. PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On June 6, 2011, the Hamilton County, Ohio, grand jury returned a thirty-one-count indictment charging petitioner with ten counts of theft from an elderly person or disabled adult, nine counts of tampering with records, ten counts of forgery, one count of identity fraud, and one count of telecommunications fraud. (Doc. 10, Ex. 1). The grand jury subsequently returned a second indictment charging petitioner with an additional count of Medicaid fraud, two counts of theft, two counts of forgery, and one count of telecommunications fraud. (Doc. 10, Ex. 2).

On October 19, 2011, petitioner withdrew her former not-guilty plea and pled guilty to ten counts of theft from an elderly person or disabled adult and one count of Medicaid fraud. (Doc. 10, Ex. 3–6). The remaining charges were dismissed. (Doc. 10, Ex. 7–8).

On December 13, 2011, petitioner was sentenced to a total aggregate prison sentence of nineteen and one-half years of confinement in the Ohio Reformatory for Women. (*See* Doc. 10,

Ex. 11–12).

## Direct Appeal

On December 15, 2011, petitioner, through counsel, filed notices of appeal, which were consolidated under Case No. C110828. (Doc. 10, Ex. 13–15). Petitioner raised the following two assignments of error in her appellate brief:

1. The trial court abused its discretion by imposing all consecutive sentences.

2. The trial court's sentence is contrary to law in that it totally failed to apply and consider the factors under ORC 2929.12.

(Doc. 10, Ex. 16). On July 27, 2012, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the decision of the trial court. (Doc. 10, Ex. 18).

Petitioner did not seek further review from the Ohio Supreme Court.

## Applications to Reopen Appeal

On February 20, 2014, petitioner filed an application to reopen her appeal pursuant to Ohio App. R. 26(B). (Doc. 10, Ex. 19). Petitioner argued her appellate counsel was ineffective for failing to raise the following assignment of error on direct appeal:

Trial Court abused its discretion when failing to consider and/or merge the (10) counts pursuant to allied offense statute.

(*Id.* at PageID 175). On June 11, 2014, the Ohio Court of Appeals denied petitioner's application as untimely filed. (Doc. 10, Ex. 20). Petitioner did not appeal the decision to the Ohio Supreme Court.

On December 15, 2014, petitioner filed a second application to reopen. (Doc. 10, Ex. 21). Petitioner argued her appellate counsel was ineffective failing to raise the following three assignments of error on direct appeal:

2

1. Appellant was deprived of the effective assistance of appellate counsel and her rights violated under the Sixth Amendment to the Constitution. Appellate counsel did not raise the issue that the trial court erred and failed to make the required findings enumerated in R.C. 2929.14(C)(4) and journalize them in the entry prior to imposing consecutive sentences on the offender.

2. Appellant was deprived of the effective assistance of appellate counsel and her rights violated under the Sixth Amendment to the Constitution. Trial counsel failed to raise the issue of Double Jeopardy subjecting the Defendant to multiple prosecutions violating the Fifth Amendment.

3. Appellant was deprived of the effective assistance of appellate counsel and her rights violated under the Sixth Amendment to the Constitution. Trial counsel failed to raise the issue of aggregation under R.C. 2913.61(C)(1) subjecting the Defendant to multiple counts of theft offenses in Case No. B1103448.

(Doc. 10, Ex. 21). On February 4, 2015, the Ohio appeals court denied petitioner's application, finding that Ohio App. R. 26(B) does not permit successive applications and her assignments of error were barred under the doctrine of *res judicata*. (Doc. 10, Ex. 22). Petitioner did not appeal the decision to the Ohio Supreme Court.

**Motion to Withdraw Guilty Plea**

On March 17, 2015, petitioner filed a "motion to withdraw guilty plea pursuant to Criminal Rule 32.1 based on a sentence that was a nullity and void & motion for re-sentencing (with a request for hearing)." (Doc. 10, Ex. 23). The trial court denied the motion on March 18, 2015, finding that the issues raised were already considered by the Ohio Court of Appeals. (Doc. 10, Ex. 24, 25).

On August 21, 2015, petitioner filed a notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals from the judgment of the trial court. (Doc. 10, Ex. 26, 27). On September 10, 2015, the Ohio appeals court granted petitioner's motion and appointed counsel. (Doc. 10, Ex. 29). Petitioner raised the following three assignments of error

3

in her merit brief:

1. Alexander's sentence of conviction is void and a nullity as the trial court erred to Alexander's prejudice by disregarding the statutory requirements enumerated in R.C. § 2929.14(C)(4) and by sentencing Alexander to consecutive terms which totaled two and a half times more than the maximum sentence of the most serious offense.

2. The trial court denied Alexander her Sixth Amendment right to the effective assistance of counsel and also violated Alexander's Fifth Amendment right against double jeopardy convicting defendant of Medicaid fraud in a second case (B 1104773) based upon the same facts and evidence from case no. B 1103448.

3. The trial court erred by denying Alexander's motion to withdraw guilty plea by treating it as a post sentence motion and should have liberally construed and granted it as a pre-sentence motion, as the trial [c]ourt disregarded the statutory requirements to impose consecutive sentences rendering the sentence void and a nullity, thus [] Alexander has not yet been sentenced.

(Doc. 10, Ex. 30). On August 31, 2016, the Ohio appeals court found that the trial court was without jurisdiction to consider petitioner's post-conviction motions and that the motions should have been dismissed. The court modified the judgment of the trial court to reflect dismissal of the motions for lack of jurisdiction and affirmed the judgment of the trial court as modified. (Doc. 10, Ex. 32).

On October 17, 2016, petitioner filed a pro se appeal to the Ohio Supreme Court. (Doc. 10, Ex. 33). In her memorandum in support of jurisdiction, petitioner raised the following two propositions of law:

1. A sentence that does not include the statutorily mandated terms for consecutive sentences under R.C. 2929.14(C)(4) is void, and is <u>not</u> precluded from review by the Court of Appeals because of res judicata. The sentence can be reviewed at any time on direct appeal or collateral attack. The Appeals Court erred stating the trial court had no jurisdiction to consider withdrawal of plea on a void sentence.

2. The Trial Court imposed a void sentence that was not authorized by law b/c it did not make the R.C. 2929.14(C)(4) findings on the record <u>or</u> in the entry. Because the sentence was void the defendant could attack the sentence at anytime. State v. Billiter, 134 Ohio St.3d 103 and State v. Beasley 14 Ohio St. 3d 74. The judgment is a mere nullity and the Court of Appeals erred when it ruled the trial court had no jurisdiction.

(Doc. 10, Ex. 34). The Ohio Supreme Court declined to accept jurisdiction of the appeal on March 15, 2017. (Doc. 10, Ex. 35).

## Federal Habeas Corpus

On March 9, 2018, petitioner commenced the instant federal habeas corpus action.[1] (*See* Doc. 7). Petitioner raises the following four grounds for relief in the petition:

> **GROUND ONE**: Void and Nullity Conviction as it relates to imposition of consecutive sentences and Statutory requirements.
>
> <u>Supporting facts</u>: Trial Court failed to make the required statutory findings, on the record, for imposing consecutive sentences, and by incorporating findings in the entry to impose a valid prison sentence, pursuant to O.R.C. 2929.14(C)(4) and by sentencing Alexander to consecutive terms which totaled two and a half times more than the maximum sentence of the most serious offense.
>
> **GROUND TWO**: Denial of the 6th Amendment right to the effective assistance of counsel.
>
> <u>Supporting facts</u>: Petitioners Counsel's performance was so far below acceptable standards of representation, and counsel committed such serious errors that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Counsel's deficient performance prejudiced the defense to such an extent that it rendered the proceedings fundamentally unfair.
>
> **GROUND THREE:** Fifth Amendment right against Double Jeopardy

---

[1] Petitioner initiated this action by filing a motion for leave to proceed *in forma pauperis* on March 1, 2018. (Doc. 1). However, petitioner did not include a habeas petition with her filing and the Court issued a Deficiency Order requiring petitioner to submit a completed habeas corpus petition. (Doc. 3). Petitioner complied with the Order on March 23, 2018. (*See* Doc. 4). Petitioner avers that she placed the petition in the prison mailing system for delivery to the Court on March 9, 2018. (*See* Doc. 7 at PageID 58). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides her papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on March 9, 2018.

5

<blockquote>
Supporting facts: Petitioner was convicted of Medicaid fraud in a second case (B-11-04473) based upon the same facts and evidence from Case No. B-1103448.

**GROUND FOUR:** Trial Court error in denying motion to withdraw guilty plea by treating as Post Sentence Motion.

Supporting facts: Court treated Post Sentence Motion instead of Pre Sentence Motion on Motion To Withdraw Guilty Plea.
</blockquote>

(Doc. 7).

Respondent has filed a motion to dismiss the petition on statute of limitations grounds. (Doc. 11).

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

### A. Ground Four is not cognizable.

This Court is precluded from reviewing petitioner's grounds for relief to the extent that they are based on alleged violations of state law. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").

In Ground Four, petitioner claims that the trial court erred in ruling on her post-conviction motion to withdraw her guilty plea. Specifically, petitioner contends that the trial court should have considered her motion as a pre-sentence motion rather than a post-conviction motion. However, to the extent petitioner claims she is entitled to relief because the trial court committed error or otherwise abused its discretion under state law, she raises issues of state law

only that are not cognizable in this federal habeas corpus proceeding. *See, e.g., Xie v. Edwards*, No. 93-4385, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (finding that the district court properly found that the question whether a trial court abused its discretion in denying the petitioner's motion to withdraw his plea is a question governed by Ohio's statutes and case law that cannot support federal habeas relief absent a showing that the alleged error rendered the proceedings fundamentally unfair). *See also, Jones v. Warden*, No. 1:17-cv-170, 2013 WL 1324406, at *4–5 (S.D. Ohio Feb. 13, 2013) (Report and Recommendation) (recommending that the petitioner's claim that his motion to withdraw his guilty plea should have been treated as a presentence motion be dismissed on the ground that it raised state law issues not cognizable in a federal habeas corpus proceeding), *adopted*, 2013 WL 1315963 (S.D. Ohio Mar. 28, 2013).

Accordingly, Ground Four of the petition fails to raise a cognizable claim for relief and should be dismissed.

### B. Petitioner's remaining grounds for relief are time-barred.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented her from filing the instant petition or that her claims are governed by a newly recognized constitutional right made retroactively applicable to her case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred at sentencing or on direct appeal.[2] Because petitioner was aware of the facts underlying her claims by the close of the direct review, her grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on September 10, 2012, upon the expiration of the 45-day period for filing an appeal as of right from the court of appeals' July 27, 2012 judgment entry. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). *See also Gonzalez v. Thaler*, 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for

---

[2] In Ground Four, petitioner contends that the trial court improperly considered her March 17, 2015 motion to withdraw her guilty plea as a post-sentence motion. However, as noted above, this ground for relief raises issues of state law not cognizable in federal habeas corpus.

seeking review with the State's highest court expired"). The statute commenced running on September 11, 2012, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on September 11, 2013, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida*, 560 U.S. 631, 635 (2010); *Allen v. Siebert*, 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen*, 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman*, 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 527 days before petitioner filed her February 20,

9

2014 application to reopen her appeal, the first of her post-conviction motions. Because petitioner's application was filed after the one-year statute of limitations had already expired, statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602. Furthermore, even if the motion was filed within the applicable limitations period, the application was untimely and therefore not properly filed. As noted above, the Ohio Court of Appeals denied the application as being untimely filed. (*See* Doc. 10, Ex. 20). Therefore, petitioner is not entitled to statutory tolling based on the untimely application. *See Allen,* 552 U.S. at 5-6; *see also Pace,* 544 U.S. at 413-14; *Vroman,* 346 F.3d at 603.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland,* 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson,* 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if she establishes that (1) "[s]he has been pursuing h[er] rights diligently;" and (2) "some extraordinary circumstance stood in h[er] way and prevented timely filing." *Id.* (quoting *Holland,* 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall,* 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*;

10

*see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012). Petitioner has not met her burden to demonstrate that the limitations period should be equitably tolled in this case.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on September 11, 2012 and expired one year later on September 11, 2013. Statutory or equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc. 11) should be **GRANTED** on the ground that the petitioner's habeas corpus petition, filed on March 9, 2018 (1,640 days after the expiration of the limitations period), is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 11) be **GRANTED**, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for

relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

    3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/7/19

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YVONNE ALEXANDER,
Petitioner,

vs.

WARDEN, OHIO REFORMATORY
FOR WOMEN,
Respondent.

Case No. 1:18-cv-153

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).