THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YVONNE ALEXANDER,

    Petitioner,

vs.

WARDEN, OHIO REFORMATORY FOR WOMEN,

    Respondent.

Case No.1:18-cv-153

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Magistrate Judge's January 7, 2019 Report and Recommendation ("R&R") (Doc. 17) and Petitioner's Objections to the Report (Doc. 18). The R&R recommends dismissing Petitioner's claims as time-barred under 28 U.S.C. § 2244(d); declining to issue a certificate of appealability; and denying Petitioner leave to appeal *in forma pauperis*. (Doc. 17).

Also before the Court is Petitioner's Motion to Appoint Counsel. (Doc. 19).

**I.    BACKGROUND**

The Magistrate Judge summarized the factual and procedural issues and the same will repeated here only to the extent necessary to address Petitioner's objections. In October of 2011, Petitioner pleaded guilty to ten counts of theft from an elderly person or disabled adult and one count of Medicaid fraud and was sentenced to nineteen and one-half years in the Ohio Reformatory for Women. (Docs. 10, 17). Two days after sentencing, Petitioner filed notices of appeal. (Docs. 10, 17). On July 27, 2012, the Ohio Court of Appeals affirmed the decision of the trial court. Petitioner did not appeal to the Ohio Supreme Court. (Doc. 17, PageID 505).

1

On February 20, 2014, Petitioner filed an application to reopen her appeal, but the Ohio Court of Appeals denied her application as untimely on June 11, 2014. (Doc. 17, PageID 505). Petitioner's second application to reopen her case was denied because her assignments of error were barred by *res judicata* and the Ohio Appellate Rules that prohibit successive applications. (Doc. 17, PageID 506). Petitioner, again, did not appeal to the Ohio Supreme Court. (Doc. 17, PageID 506).

In March of 2015, Petitioner filed a motion to withdraw her guilty plea, but the trial court denied the motion because the Ohio Court of Appeals already considered the issues Petitioner raised. (Doc. 17, PageID 506). Following this judgment, Petitioner filed a notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals. (Doc. 17, PageID 506). The appellate court granted her motion and appointed her counsel. (Doc. 17, PageID 506). On August 31, 2016, the Ohio Court of Appeals found the trial court lacked jurisdiction to consider Petitioner's post-conviction motions and revised the trial court's judgment to dismiss those motions. (Doc. 17, PageID 507). The appellate court then affirmed the modified judgment. Petitioner filed a *pro se* appeal to the Ohio Supreme Court in October of 2016, and on March 15, 2017, the Ohio Supreme Court declined jurisdiction. (Doc. 17, PageID 508).

Petitioner initiated this federal habeas corpus suit on March 9, 2018. (Doc. 17, PageID 508). Petitioner raises four grounds for relief. First, Petitioner alleges her conviction is void, arguing that the trial court failed to make the statutory findings for imposing consecutive sentences. (Doc. 17, PageID 508). Second, Petitioner argues she was denied her Sixth Amendment right to effective assistance of counsel. (Doc. !7, PageID 508). Third, Petitioner contends her Fifth Amendment right against Double

2

Jeopardy was violated because of a conviction of Medicaid fraud in two cases based on the same facts and evidence. (Doc. 17, PageID 509-510). Finally, Petitioner argues the Trial court erred in denying her motion to withdraw her guilty plea by treating it as a post-sentence motion. (Doc. 17, PageID 510).

Respondent filed a motion to dismiss the Petition as untimely. (Doc. 11). In her January 7, 2019 R&R, the Magistrate Judge recommends dismissing all four of Petitioner's grounds for relief. (Doc. 17).

## II. STANDARD OF REVIEW

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

In conjunction with her Objections, Petitioner filed a Motion to Appoint Counsel. (Doc. 19). However, there is no constitutional right to the appointment of counsel in a habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *see also Cobas v. Burgess*, 306 F.3d 441, 444

(6th Cir. 2002) ("a petitioner does not have a right to assistance of counsel on a habeas appeal"). Therefore, Plaintiff's Motion to Appoint Counsel (Doc. 19) is DENIED.

In her Objections, Petitioner objects to the dismissal of her Petition as being untimely.

While Petitioner does not raise the issue in her Objections, the Magistrate Judge found Petitioner's fourth ground for relief—that the trial court erred in its treatment of her motion to withdraw her guilty plea—is not cognizable in a federal habeas corpus proceeding. (Doc. 17, PageID 509). Federal courts are permitted to review a state prisoner's petition for writ of habeas corpus only on claims that the custody is in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (holding that "federal court[s] may not issue the writ on the basis of a perceived error of state law."). Petitioner's argument that the trial court erred in ruling on her motion to withdraw the guilty plea raises an issue under state law and therefore is not cognizable. Petitioner attempts to frame this issue not as a state law claim, but rather as a constitutional claim of effective counsel. (Doc. 15, PageID 487). However, this Court finds no error in the Magistrate Judge's conclusion that this claim should be dismissed.

This Court finds no error with the Magistrate Judge's conclusion that Petitioner's remaining grounds are time-barred. (Doc. 17, PageID 510). Petitioner was required to file her application within one year from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In her Objections, Petitioner argues that the tolling expires only when all actions have been exhausted in state courts, and that her October 17, 2016 appeal to the

Supreme Court was timely. (Doc. 18, PageID 517). Petitioner argues that her commencement of this habeas action on March 9, 2018 was timely because it was within one year of the Ohio Supreme Court's March 15, 2017 answer to her appeal. (Doc. 18, PageID 517). However, Petitioner's conviction became final long before her October 2016 filing.

On July 27, 2012 Petitioner appealed her sentence, but the Ohio Court of Appeals affirmed the trial court decision. (Doc. 17, PageID 505). Petitioner had 45 days to file an appeal from the appellate court's July 27, 2012 judgment under Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). (Doc. 17, PageID 511). Because Petitioner declined to file an appeal, her conviction became final on September 10, 2012. The statute began to run the following day, on September 11, 2012 and expired on September 11, 2013 – not on March 15, 2017, as Petitioner contends.

Therefore, Petitioner's argument that the statutory tolling expires only after all actions in state courts have been exhausted is correct but misplaced. Petitioner exhausted all her avenues in state court by the expiration date of September 11, 2013. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that under § 2244(d)(1)(A), a judgment becomes final when a petitioner does not appeal to the highest court and the time allowing petitioners to seek such review expires). Petitioner's claim is time-barred because she declined to file an appeal or take other action before September 11, 2013.

Furthermore, the Magistrate Judge found that equitable tolling was not applicable in this case. (Doc. 17, PageID 514). To grant equitable tolling, a habeas petitioner must show first, that "[s]he has been pursuing h[er] rights diligently," and second, that "some extraordinary circumstance stood in h[er] way and prevented timely filing." (Doc. 17,

PageID 513, quoting *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)). The Magistrate Judge found that Petitioner did not meet her burden to allow for equitable tolling, (Doc. 17, PageID 514) and this Court agrees. The Magistrate Judge also concluded that Petitioner did not demonstrate she should benefit from the miscarriage of justice exception to the statute of limitations. (Doc. 7, PageID 514). This Court agrees.

Accordingly, the Magistrate Judge recommended that Respondent's Motion to Dismiss (Doc. 11) be granted because Petitioner's habeas corpus petition is time-barred. (Doc. 17, PageID 514). For all the reasons stated above, this Court agrees with the Magistrate Judge's analysis and conclusions.

## IV. CONCLUSION

Based on the foregoing, Petitioner's Motion to Appoint Counsel (Doc. 19) is **DENIED**. In addition, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 17). It is hereby **ORDERED** that:

1. Respondent's Motion to Dismiss (Doc. 11) is **GRANTED**;

2. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) is **DISMISSED WITH PREJUDICE**;

3. Petitioner's Motion to Reconsider Appointing Counsel pending on the docket (Doc. 19) is **DENIED WITH PREJUDICE**; and

4. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) than an appeal of this Order would not be in "good faith" and **DENIES** petitioner's leave to appeal *in forma pauperis.*

**IT IS SO ORDERED.**

           ____s/Michael R. Barrett_____
           Hon. Michael R. Barrett
           United States District Judge